Frisbie *against* Fowler and wife :

IN ERROR.

New-Haven,
June,
1819.

June 24.

The power of the court to order the close confinement of prisoners committed on execution, pursuant to the statute *tit.* 81. *c.* 1. *s.* 20. is a matter of *discretion,* and may be exercised on application by the *creditor.*

The proceeding contemplated by the statute, is *summary,* requiring only a motion by one party, with notice to the other, and an enquiry by the court. Consequently, the payment of a *duty* is unnecessary.

AT the the term of the superior court for *New-Haven* county, in *January,* 1819, *Fowler* and his wife made a written application to the court, stating, that by the consideration of said court, at their term in *January,* 1818, they recovered a judgment against *Frisbie,* in an action of slander, for the sum of 1150 dollars, damages, and 93 dollars, 56 cents, costs of suit, for which they took out execution, and put it into the hands of the sheriff to execute ; that on the 12th of *February,* 1818, the sheriff, having demanded payment, for want of goods or estate, levied the execution upon *Frisbie's* person, and committed him to gaol ; that previous to the rendering of said judgment, *Frisbie,* with a view to prevent and defeat the collection of any damages that might be recovered against him, converted all his estate, both real and personal, to the amount of 6000 dollars, into money and choses in action, that could not be taken on any legal process, and held them in his hands, setting said judgment and execution, and all other legal process, at defiance ; that having given bond to the sheriff, he was enjoying the liberties of the prison, which were very extensive ; that he had so invested his money and property, that he derived therefrom a great revenue ; that he was harassing the petitioners with vexatious suits, threatening them with ruin, and, while boasting of his wealth and income, declared, that he would remain within the liberties of the prison until his death, and never pay a cent of said judgment ; praying that the court, upon due notice first given to *Frisbie,* would enquire into the facts thus stated, and all the circumstances of the case, and if, upon such enquiry, sufficient cause should appear, to give order to the sheriff for the close confinement of *Frisbie* in gaol, to coerce the payment of said judgment, and to teach him to pay proper respect to the solemn adjudications of the court.

*New-Haven,*
*June,*
*1819.*

*Frisbie*
*v.*
*Fowler.*

There was a citation to *Frisbie* [to appear, and shew cause why the prayer of the petitioners should not be granted; which was signed by the clerk of the court, but no duty was paid or certified. This citation was regularly served by a constable. *Frisbie* appeared, and pleaded in abatement, on the ground, that no duty was paid, or certified by the authority who signed the citation. This plea, on demurrer, was over-ruled. The parties were then heard on the merits of the application; and the court, finding the facts stated to be proved, ordered, that unless *Frisbie* should, on or before the 1st day of *March*, 1819, pay said execution, the sheriff should then forthwith confine him within the walls of the gaol, until he should pay it, or be discharged by due order of law. To reverse this judgment, the present writ of error was brought.

*Daggett* and *Ingersoll*, for the plaintiff in error, contended,
1. That no such proceeding could be had, on the application of the *judgment creditor*.
2. That no such case had been made out, as required the interposition of the court.
3. That at any rate, the process was defective, for want of a certificate of the payment of the state duty; and the plea in abatement ought to have been adjudged sufficient.

*N. Smith* and *Staples*, for the defendants in error.

HOSMER, Ch. J. The statute for regulating gaols, (a) has

(a) *Tit.* 81. *c.* 1. *s.* 20. This section, which originally constituted a separate act, was passed in *May* 1788. Its provisions were as follows: " That whenever any person shall hereafter be committed to, or held, or is already committed to, and held, in any gaol in this state, by virtue of an execution for debt, damage, fine or cost, the superior court, where the judgment on which such execution issued, is rendered by said court, and in every other case, the county court, of the county in which such prisoner is committed or held, may, at their discretion, on notifying the parties concerned, or the attorney of the party belonging out of this state, and on due enquiry and examination, give such order to the sheriff of the county in which such gaol is, from time to time, for the close confinement of such prisoners as they shall think proper; and whenever such courts shall respectively (pursuant to the provisions of this act) order any sheriff to confine any such prisoner within the walls of the prison, of which such sheriff is keeper, it shall be the duty of such sheriff to conform to and obey such order; and in case such sheriff shall neglect or refuse to obey such order, such neglect or refusal shall be deemed a voluntary escape in such sheriff; and he shall thereupon be liable to an action for the debt, damage, fine or cost, for which such prisoner is committed or held, in the same manner as though such

authorised the court, *at their discretion*, on notifying the parties concerned, and on due enquiry, to order the close confinement of prisoners committed on execution. It is the undoubted object of the law, in prevention of fraud, to render the imprisonment of such debtors as are able, available to the collection of their debts. It was enacted, though not exclusively, for the benefit of creditors ; and it would be an absurdity to decide, that those who are interested in its provisions, may not move the court to enforce them.

To give effect to the law, no action is necessary. On motion to the court, with notice to the party interested, the judges are empowered to make such order as justice requires. A summary proceeding of this description, is all that was ever contemplated. This view of the subject contains a decisive answer to the objection, that the writ should have been abated for the non-payment of duty. As a writ, it never had any validity. In bringing the subject before the court, an unnecessary formality has been adopted ; but it is competent for the court to consider the application as amounting to a motion. The case is not distinguishable from a formal application, by petition, requesting the continuance of an action. As a *writ*, it would be invalid ; but it would be trifling with the court, to insist, that by reason of the needless formality, it should be considered as a nullity. Whenever the law requires a writ, it demands a duty. In this case, no writ was necessary ; nor will the state be defrauded by the non-payment of a duty, when no duty was required.

PETERS, CHAPMAN and BRAINARD, Js. were of the same opinion.

BRISTOL, J. gave no opinion, having been of counsel for one of the parties.

Judgment affirmed.

prisoner had escaped by the permission of such sheriff. *Provided nevertheless*, that this act shall not extend to any prisoner, committed, or held, by virtue of any execution, issued on a judgment for a sum not exceeding seventeen dollars."